## TEPLER v. FRICK et al.

United States District Court,
S. D. New York.

Aug. 27, 1952.

Frederic A. Johnson, New York City, for plaintiff.

Thayer & Gilbert, New York City (Harold A. Segall and Edgar C. Morrison, New York City, of counsel), for defendants.

EDELSTEIN, District Judge.

The amended complaint alleges at length a monopoly on the part of organized professional baseball, and attempts to bring under the anti-trust laws what is essentially an action for personal injury to the plaintiff sustained while he was employed as a player. In so far as I have been able to analyze the involved complaint, the first cause of action set forth must be, if anything, a common-law tort action based on negligence, and since the injury is alleged to have occurred in 1944, the statute of limitations has run. The remaining four causes of action are for treble damages under the Sherman and Clayton Acts, 15 U.S.C.A. § 15. While there is a detailed description of a monopolistic system which, it is said, reduces a baseball player to a status of peonage, the closest scrutiny of the complaint does not disclose what acts these defendants performed in violation of the anti-trust laws to the injury of the plaintiff. Actually, what seems to be alleged is that the defendants are part of a monopoly and that they took action to the injury of the plaintiff. However, I do not find the necessary allegations of damage to the plaintiff resulting proximately from the acts of the defendant which constitute violation of the anti-trust laws.

A consideration of other issues raised being unnecessary, the motions to dismiss as to all defendants will be granted.